UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID T. CUMMINGS, | No. 2:15-cv-1471 KJN P (TEMP) |
| Plaintiff, | |
| v. | ORDER AND |
| JEFF McCOMBER, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

For the reasons stated herein, the undersigned recommends dismissal of this action.

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

/////

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
6    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
7    Cir. 1989); Franklin, 745 F.2d at 1227.
8    Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
9    statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
10   defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
11   Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
12   However, in order to survive dismissal for failure to state a claim a complaint must contain more
13   than "a formulaic recitation of the elements of a cause of action;" it must contain factual
14   allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550
15   U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the
16   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
17   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
18   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
19   The Civil Rights Act under which this action was filed provides as follows:
20   
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
21   
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
22   
> law, suit in equity, or other proper proceeding for redress.

23   42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
24   actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
25   Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
26   (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
27   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
28   /////

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In his complaint, plaintiff has identified Warden Jeff McComber and several prison officials at CSP-Sacramento, as the defendants in this action. Plaintiff alleges that the defendants have improperly calculated his release date. Specifically, plaintiff alleges that the defendants are not properly accounting for his good-time credits and instead, are claiming that plaintiff has received any sentence reduction credits he is entitled to at this point. Plaintiff claims that the defendants are knowingly committing fraud and are falsely imprisoning him. In terms of relief, plaintiff requests $10,000.00 for each day that defendants have falsely imprisoned him. (Compl. at 5-8 & Exs. A-E.)

## DISCUSSION

The undersigned recommends dismissal of this action. It is well established that a "§ 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (finding a § 1983 action for damages that was based on "actions whose unlawfulness would render a conviction or sentence invalid" when the conviction or sentence has not yet been reversed, expunged, or otherwise invalidated to be barred). See also Edwards v. Balisok, 520 U.S. 641, 648 (1997)

3

1  (dismissing a § 1983 action for declaratory relief and monetary damages because a successful challenge to procedures used in disciplinary hearing would necessarily imply the invalidity of the punishment imposed).

In this case, plaintiff claims that defendants have violated his right to due process because they have not calculated his sentence properly.  Plaintiff's success in this action would necessarily call into question the validity of his sentence and implicate the duration of his confinement.  See Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003) (the application of the Heck bar turns on whether a successful § 1983 action would necessarily render invalid a conviction, sentence, or administrative sanction that affects a prisoner's length of confinement).  See, e.g., Linthecome v. Alfaro, No. 1:14-CV-01438-LJO-MJ, 2015 WL 1529525 at *7 (E.D. Cal. Apr. 2, 2015) (plaintiff's cause of action based on prison officials incorrectly calculating his credits is Heck-barred and prisoner must pursue his claims by filing a habeas corpus petition); Garcia v. Beard, No. 1:14-CV-00057-LJO, 2015 WL 1258392 at *4 (E.D. Cal. Mar. 18, 2015) (same); Clinton v. California Dep't of Corr., No. CIV S-05-1600-LKK, 2013 WL 5718739, at *9-10 (E.D. Cal. Oct. 18, 2013) (same); see also, e.g., Bairfield v. Solano Cty. Jail, No. 2:14-CV-02016 AC P, 2014 WL 4803084 at *2 (E.D. Cal. Sept. 25, 2014) (challenge to the manner in which prison officials apply custody credits to calculate a prisoner's release date is not cognizable in a civil rights action).  Accordingly, plaintiff's sole remedy in federal court is a writ of habeas corpus, which he may pursue only after exhausting all of his constitutional claims in state court.

Where, as here, it is clear that plaintiff's complaint suffers from pleading deficiencies that cannot be cured by amendment, dismissal without leave to amend is appropriate.  See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

/////

/////

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff's complaint be dismissed without prejudice to plaintiff's proper pursuit of habeas corpus relief.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 13, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

ec
cumm1471.56